UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 1:19-cr-00009-JAW |
| ) | |
| WILLIAM STEWART ) | |

**GOVERNMENT'S REPLY SENTENCING MEMORANDUM**

NOW COMES the United States, by and through its attorneys, Halsey B. Frank, United States Attorney for the District of Maine, and Chris Ruge, Assistant United States Attorney, and submits this reply to the defendant's sentencing memorandum.

**I.  Sentencing Issues**

    **a.  Pattern of abuse.**

Based on the defendant's memorandum, the government understands that the defendant no longer contests the factual recitations in Paragraph 11 of the revised PSR. Accordingly, the government does not anticipate introducing additional evidence at sentencing concerning these facts.

Nonetheless, the defendant does contest the imposition of the five-level enhancement under U.S.S.G. § 2G2.2(b)(5). This is best addressed by separating the appropriateness of the Guideline enhancement from the application of Section 3553(a) factors, although there is some overlap between the two.

On the subject of the "pattern" enhancement, the First Circuit has repeatedly upheld application of the enhancement based on events from earlier in the defendant's life. United States v. Clark, 685 F.3d 72, 79 (1st Cir. 2012) (holding the enhancement properly established by

1979 and 1984 convictions in a sentencing for 2008 offense conduct); United States v. Woodward, 277 F.3d 87, 90-92 (1st Cir. 2002) (upholding the "pattern" enhancement based on a 19 year old multi-count conviction and a series of uncharged molestations occurring 21 to 25 years prior to the offense conduct); United States v. Cates, 897 F.3d 349 (pattern established on conduct against a single victim some 16 years prior to offense conduct).  The rule is clear:  any collection of two or more instances of sexual abuse against minors is sufficient to trigger the enhancement, regardless of remoteness in time.  Woodward, 277 F.3d at 92; see also United States v. Reingold, 731 F.3d 204, 223 (2d Cir. 2013) (holding that "the lack of temporal proximity" in his prior sexual offenses against a minor "was not a permissible ground for refusing to apply a §2G2.2(b)(5) enhancement.").

 Although the Court is not required to make a connection between the pattern of abuse and the current crime of conviction, the record in this case provides ample basis to do so.  Mr. Stewart's history of sexual abuse involved children of the age depicted in his collection of child pornography.  PSR ¶¶ 11 and 12  This included the sexual assault of prepubescent girls by adult men.  Id.  In addition, Mr. Stewart's sexual ideation of similarly aged children actually known to him continued in to the digital era, and his crime of conviction includes possession of doctored images reinforcing this ideation.  PSR ¶¶ 8 and 9.   Thus, there is scant cause for the Court to decline imposing the pattern-of-abuse enhancement in this case.

 Nonetheless, the government agrees that this Court should take into account the precise timing and circumstances of the defendant's past abuse when crafting the appropriate sentence in this case under Section 3553(a).  Surely the Court might consider that the described crimes took place decades ago.  It may well also consider that the defendant was relatively young at the time and relatively old now.  It might consider that there have been no other reported allegations of

abuse in the intervening years. But at the same time, the Court might well consider the factors described above that make the pattern enhancement particularly relevant in this case: the consistent, acute interest in the sexual assault of prepubescent girls by adult men, and the predilection to sexually objectify actual children known to him.

In fact, the defendant's sole cited case underscores the importance of past abuse in assessing the proper sentence. In <u>United States v. Dorvee</u>, the Second Circuits primary objection to the substantive reasonableness of the statutory maximum sentence was that Dorvee had not actually had sex with a child in the past. 616 F.3d 174, 184 (2d Cir. 2010). Mr. Stewart has sexually assaulted children, and that fact, the government respectfully submits, is relevant to crafting the proper sentence in this case.

**b. Distribution**

As set forth in the government's initial brief, the rule under the applicable Guideline is that the defendant knowingly distributed child pornography, not that he intentionally did so. All that is required is that the defendant knew the peer-to-peer network he used automatically shared: it is not required that he sought out this result. It is similarly no defense that he tried to limit this aspect of the network when, in fact, his use of the network resulted in a single-source download of child pornography by the police. That the defendant did not sell or trade child pornography is a salient issue, inasmuch as it is the difference between his knowing distribution being a two-point rather than a five-point enhancement. The purpose of the rule and its history are set forth in detail in Amendment 801 to the Sentencing Guidelines, found in Appendix C of the Sentencing Manual.

Here, the defendant's knowledge of the file-sharing aspects of the network is underscored by his spontaneous admission that he was using a peer-to-peer network, and by his very denials

3

that he intended to distribute child pornography. At the outset, he said he knew he was using a peer-to-peer network. He said that he did not know he shared, but he admitted knowing how it worked. In fact, he went further, and later volunteered that "Yeah, but if you shut it off instantly, if you're done downloading you get rid of –you shut it off completely, you can't get, you know--" . The implication being that the defendant knew full well that peer-to-peer shares as part of its functionality. And the fact is, he used it anyway, so he could get child pornography. This use led to law enforcement downloading child pornography from the defendant. Taken together, this is dispositive of the issue.

The defendant attempts to walk back these key admission by asserting they were "taken out of context." The government respectfully suggests that the context of the conversation of with police was a long string of minimizations and false denials. In fact, the defendant never admitted the extent of his activity, and he flatly denied his past history of child sexual abuse. Thus, to be clear, the government is not offering the defendant's demonstrably false statements for the truth of the matters asserted. Nonetheless, his statements are relevant and corroborative of his knowledge of what he was doing.

A simple, if hackneyed, hypothetical demonstrates how even a false denial by the defendant can contain a key admissions of knowledge. Suppose the police have information that Harry was involved with the murder of Joe down by the docks on Saturday night. The police then visit Harry at his house. Upon opening the door and seeing men in uniform, Joe blurts out "I've never met Joe, I have never been to the docks, and I was at home with my wife last Saturday night. The whole thing was just an accident. It was Larry's idea." Clearly, the government might later use these statements to help establish that Harry had some knowledge the events in question. At the same time, it would be suspect to suggest that the government was

then offering any or all these statements for the truth of the matter asserted, or that, once offered, that the government's own evidence showed that Harry had no knowledge of the crime.

Such is the case with the defendant's admissions. The government does not offer the defendant's self-serving and largely false statements for the truth of the matter asserted, but only to establish his knowledge of how the peer to peer network worked.

### c. Application of Guideline enhancements and Section 3553(a).

The defendant asserts that because certain sentencing enhancements apply in over 90% of all cases[1], the enhancement should not also be applied to Mr. Stewart. ECF 43, pp5-6. Effectively, the defense argument appears to be the following:

1. These enhancement applies in nearly every case.

2. The enhancement applies to Mr. Stewart's case.

3. Mr. Stewart's case is therefore like every other case.

4. The enhancement should therefore not be applied to Mr. Stewart.

The government's criticism of this argument is it argues for different outcome for Mr. Stewart—that the Guideline not be applied—not because he is different from other defendants, but to the extent that he is the same.

The defendant offers a similar argument on considering these enhancements under Section 3553(a). ECF 43, p. 6.[2] That argument appears to proceed as follows:

1. These enhancements apply in nearly every case.

2. These enhancements apply in Mr. Stewart's case.

3. Mr. Stewart's case is therefore no different from every other case.

---

[1] 2009 and 20010 federal cases sentenced under §2G2.2.
[2] "If nothing else, over application of these enhancement should be considered for sentencing purposes under 3553(a). One way or another the reality of the over application must be considered by this Court lest Stewart's sentences be enhanced for conduct that is no different than nearly every other case."

The government's criticism of this argument is that it is a non sequitur. While the fact that Mr. Stewart has checked many of the same boxes as other child pornography defendants, it simply does not follow that Mr. Stewart's case is no different. In fact, Mr. Stewart's conduct, as described in the PSR and in the government's opening brief, is distinguished, even among cases that share similar Guideline enhancements, in its longevity, its severity, its quantity, and its focus.

The defendant's appeal to Dorvee underscores this point. In Dorvee, the Second Circuit reversed on both procedural and substantive reasonableness grounds. The procedural error was that the trial court erroneously calculated the Guideline range as the range on the sentencing table, without capping the Guideline sentence with the statutory maximum, as required. The trial court thus started with an erroneously high sentencing range that eclipsed the statutory range. Compounding this error, the Second Circuit found, the trial court presumed that range to be reasonable without appeal to the specific facts of the case. Especially problematic to the Second Circuit, was the trial court's presumption that Dorvee would eventually offend against children, when there was no evidence that he had offended against children in the past. 616 F.3d at 184.

Mr. Stewart's argument appealing to Dorvee appears to be as follows:

1. According to Dorvee, some Guideline sentences under § 2G2.2 are substantively unreasonable.

2. Mr. Stewart is being sentenced under § 2G2.2.

3. Therefore, a Guideline sentence in Mr. Stewart's case would be substantively unreasonable.

Again, the government's criticism of this argument is that the conclusion does not follow from the major premise, primarily because Guideline sentences under § 2G2.2 may well be

substantive reasonable and fully supported by 3553(a) factors.  United States v. Stone, 575 F.3d 83 (1st Cir. 2009).

As a primary matter, Mr. Stewart starts off on different footing from Mr. Dorvee, because Stewart has sexually abused children in the past.  But more generally, the Dorvee Court appealed to two hypotheticals to underscore its view that the Guidelines so not necessarily provide a substantively reasonable sentence in every case.  Such hypotheticals are not hard to construct.  Let's say a 20 year old man uses the internet to exchange a video of a 17 year old having sex for sex videos of other 17 year olds.  He is then found to have 8 more short videos of the same ilk on his phone.  Arguably, the  Guideline range for a clear criminal record would be 22 base level, plus 5 for over 600 images, plus 5 for distribution of a thing of value, plus 2 for the use of a computer, 34.  For a first time offender, the guideline range would be 151 to 188 months.  Whether or not, this is a reasonable sentence for the hypothetical 20 year old, Mr. Stewart's behavior and personal history are considerably worse, and his Guideline calculations suit him.

Applying 3553(a) to the defendant, the Guideline sentence, if not an upper end Guideline sentence, is fully appropriate, for the reasons set forth in the government's initial brief.

**d.  Restitution**.

The Court is not permitted to consider the defendant's financial condition when imposing restitution.  18 U.S.C. §2259.  Indigence is relevant for imposition of the JTVA assessment.  18 U.S.C. §3014.  The PSR's observations on this point are appropriate, in as much as they related to the JVTA assent.

The government does not suggest that hiring able counsel is an improper disposition of funds.  At the same time, it is coy for the defendant to dismiss as "speculation" the amounts he has spent on himself when those sums are best known to him, and are relevant to "this Court's

7

serious consideration of financial condition," at least to determine the imposition of the JVTA assessment.  ECF 43 at 7. ECF 43, p. 7.

    Dated: January 17, 2020                    Respectfully submitted,

                                                             HALSEY B. FRANK
                                                              UNITED STATES ATTORNEY

                                                              /s/Chris Ruge
                                                              Assistant United States Attorney

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2020, I electronically filed the GOVERNMENT REPLY SENTENCING MEMORANDUM with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

Walter McKee, Esq.

HALSEY B. FRANK
United States Attorney

/s/ Chris Ruge, Esq.
Assistant United States Attorney
United States Attorney's Office
202 Harlow Street, Suite 111
Bangor, ME 04401
(207) 945-0373
chris.ruge@usdoj.gov